

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SOMI KONGMASANG, aka Lhosang Thukmel Lama, aka Lhosang Thakmed, | No. 15-73670 |
| Petitioner, | Agency No. A089-674-777 |
| v. | MEMORANDUM* |
| JEFFERSON B. SESSIONS III, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 12, 2018
San Francisco, California

Before:  GRABER and HURWITZ, Circuit Judges, and LEMELLE,** District Judge.

Petitioner Somi Kongmasang is a native and citizen of China.  He seeks

review of an order of the Board of Immigration Appeals ("BIA"), dismissing his

appeal from the decision of an immigration judge ("IJ"), denying his applications

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Ivan L.R. Lemelle, United States District Judge for the Eastern District of Louisiana, sitting by designation.

for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We review under REAL ID Act standards, Ren v. Holder, 648 F.3d 1079, 1084 (9th Cir. 2011), and deny the petition.

1. The IJ did not violate Petitioner's due process rights by incorrectly stating in the written decision that he observed Petitioner's demeanor. Although the IJ who wrote the decision was not present at the hearing and, therefore, could not have observed Petitioner's demeanor, the decision did not rely on Petitioner's demeanor in any way, including in finding him not credible. Accordingly, Petitioner suffered no prejudice in this regard.[1]

2. The BIA did not err in concluding that substantial evidence supported the IJ's adverse credibility finding. The BIA noted numerous inconsistencies between Petitioner's asylum application and declaration, on the one hand, and his oral testimony, on the other. The BIA also relied on inconsistencies between Petitioner's account of events and that of his daughter. The non-trivial inconsistencies that are supported by substantial evidence include Petitioner's accounts of when and where his father died. Petitioner wrote in a declaration that

---

[1] Petitioner also suggested at oral argument that he is entitled to a new hearing because of translation difficulties at his hearings before the IJ. But Petitioner did not exhaust that request before the BIA, so we lack jurisdiction to consider it. Zara v. Ashcroft, 383 F.3d 927, 930 (9th Cir. 2004).

his father was subjected to beatings and torture while imprisoned and that his father died in a Chinese prison. But Petitioner testified that his father was released from prison in a weakened condition and died five years later. Because Petitioner's claim rests on his family's alleged political involvement, this inconsistency is not trivial, and the IJ and BIA were not required to believe Petitioner's explanation for the discrepancy. Other non-trivial inconsistencies concerned what kind of business Petitioner had with his brother-in-law, whether or not he used weapons to fight the Red Guard, and when Petitioner was arrested and released.

3. The IJ did not err by relying on statements from Petitioner's daughter to find inconsistencies in the record. See 8 U.S.C. § 1158(b)(1)(B)(iii) (allowing consideration of inconsistencies between an asylum applicant's statements and "other evidence of record"). Moreover, because many of the inconsistencies were internal to Petitioner's own statements, any error was harmless.

4. The IJ did not err by considering an asylum officer's notes. Unlike in Singh v. Gonzales, 403 F.3d 1081, 1089 (9th Cir. 2005), the asylum officer here took contemporaneous notes, which included a summary of each question asked and each response given.

5. The BIA did not ignore the declarations from Petitioner's sons. Rather, the BIA permissibly concluded that the corroborating evidence was insufficient to overcome the many inconsistencies that caused the adverse credibility finding.

6. Because the adverse credibility finding is supported by substantial evidence, we deny the petition with respect to the claims for asylum and withholding of removal. Because the CAT claim did not rest on independent evidence, we deny the petition with respect to that claim as well.

**Petition DENIED.**